IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,      *

     Plaintiff,            *

                                Criminal Action No.: RDB-13-0469

         v.              *

ARRON F. LEMON,           *

     Defendant.         *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## **MEMORANDUM ORDER**

This Court has considered the Defendant Arron Frederick Lemon's Notice of Removal (ECF No. 1) and related filings (ECF Nos. 1-1 to 1-13). According to the documents submitted to this Court, Lemon was arrested for possessing or administering a controlled dangerous substance in violation of the Annotated Code of Maryland, Criminal Law Article, Section 5.601. Lemon, in his filings, states that he appeared before the Circuit Court of Maryland for Baltimore City on February 1, 2013, February 22, 2013, May 6, 2013, June 13, 2013, and September 3, 2013. Lemon filed a Notice of Removal to the United States District Court, ECF No. 1, with the Clerk of this Court on September 6, 2013.[1]

---

[1] Lemon's Notice of Removal was required to be filed by the earlier of thirty days after arraignment, or at any time before trial. *See* 28 U.S.C. § 1455(b)(1). Lemon insists that he has not been arraigned, *see, e.g.*, ECF No. 1-1 at 2, and it is unclear from the documents submitted to this Court if an arraignment proceeding took place in this case. Nevertheless, because Lemon's Notice of Removal is substantively deficient, there is no need to inquire into the issue of whether it was timely filed.

Pursuant to 28 U.S.C. § 1455(a):

A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States . . . a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant in such action.

28 U.S.C. § 1455(a). When a criminal prosecution is removed to a federal district court, the court "shall examine the notice [of removal] promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). At the outset, this Court notes that Lemon has not attached "a copy of all process, pleadings, and orders served upon such defendant in such action" as required under 28 U.S.C. § 1455(a). Thus, Lemon's Notice of Removal is deficient. As to the substantive issues raised in Lemon's Notice, removal may be permitted in certain civil rights cases, *see* 28 U.S.C. § 1443, or where the defendant is acting in his capacity as an officer of the United States, *see* 28 U.S.C. § 1442(a), or as a member of the armed forces of the United States, *see* 28 U.S.C. § 1442a. Lemon's notice of removal does not allege that any of these grounds for removal exist. *See generally* ECF No. 1 to 1-13. To the extent that Lemon raises issues of federal or constitutional law, including allegations against various state officials, this is not a valid basis for removal of a state criminal prosecution arising out of state criminal laws. Lemon's claims that the courts of the State of Maryland do not have jurisdiction over him are baseless.

Accordingly, there is no valid basis for removal, and it is hereby ORDERED that this case is REMANDED to the Circuit Court of Maryland for Baltimore City for further proceedings.

IT IS FURTHER ORDERED that the Clerk of the Court transmit copies of this Order and Judgment to the parties and close this case.


September 17, 2013                                    _____/s/_____
                                                     Richard D. Bennett
                                                     United States District Judge